UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>AARON WOODS,<br>Defendant. | Case No. 21-cr-00478-JST-1<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**<br><br>Re: ECF No. 44 |

Before the Court is Defendant Aaron Woods's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 44. The Court will deny the motion.

## I.    BACKGROUND

Woods is a 30-year-old inmate at the Federal Correctional Institution, Sheridan, serving a 57-month sentence after pleading guilty to one count of Felon in Possession of a Firearm and Ammunition in violation of 18 U.S.C. § 922(g)(1).[1] On September 1, 2023, Woods filed this *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), arguing extraordinary and compelling reasons exist for the Court to reduce his sentence. ECF No. 44. The Government opposes the motion. ECF No. 48. The Court will deny the motion.

## II.    LEGAL STANDARD

Section 3582(c)(1)(A) provides that a court may modify a previously imposed sentence "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever

---

[1] On January 22, 2024, the Court, pursuant to the stipulation of the parties, reduced Woods's sentence to 46 months under 18 U.S.C. § 3582(c)(2). ECF Nos. 60, 61.

United States District Court
Northern District of California

1    is earlier." 18 U.S.C. § 3582(c)(1)(A).[2]  Under this provision the court may reduce a term of

2    imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction."

3    18 U.S.C. § 3582(c)(1)(A)(i).  In determining whether "extraordinary and compelling reasons"

4    exist for reducing the defendant's sentence, the court must consider "the factors set forth in section

5    3553(a) to the extent that they are applicable."  18 U.S.C. § 3582(c)(1)(A).  The court must also

6    ensure that "such a reduction is consistent with applicable policy statements issued by the

7    Sentencing Commission."  *Id.*

8         Section 3582(c)(1)(A)(i) does not specifically define what constitutes "extraordinary and

9    compelling circumstances" but the Application Notes of § 1B1.13 of the United States Sentencing

10   Guideline ("U.S.S.G.") set forth the following categories: "(1) medical conditions which diminish

11   the ability of the defendant to provide self-care in prison, (2) age-related deterioration, (3) family

12   circumstances, and (4) other extraordinary and compelling reasons that exist either separately or in

13   combination with the previously described categories."  *United States v. Davis*, No. 98-CR-40082-

14   YGR, 2021 WL 5816283, at *1 (N.D. Cal. Nov. 9, 2021) (citing U.S.S.G. § 1B1.13, Application

15   Note 1(A)).  Although the Sentencing Commission's policy statement set forth in § 1B1.13 is not

16   binding on motions filed by a defendant, it may nevertheless "inform a district court's discretion."

17   *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam).

18   **III.    DISCUSSION**

19        Woods argues his conditions of confinement during the COVID-19 pandemic constitute

20   extraordinary and compelling circumstances warranting a reduction in his sentence.  ECF No. 44

21   at 1.  Specifically, Woods states that during the pandemic he has endured onerous lockdowns,

22   restrictions on programming, medication shortages, staff shortages, and food shortages, resulting

23   in a more severe sentence than originally contemplated by the Court.  *Id.*  As the Government

24   correctly observes, this is a generalized claim that most inmates in custody during the pandemic

25   could make.  ECF No. 48 at 15-16.  These conditions, while challenging, "that are shared by

26

27   _____

28   [2] Woods submitted a request to the warden on July 12, 2023, more than 30 days before filing this
     motion and has therefore satisfied the administrative exhaustion requirement.  ECF No. 44 at 8.
     The Government does not dispute this.  ECF No. 48 at 10.

nearly every inmate in the country are not 'extraordinary and compelling,' and the restrictions [Woods] is subject to are in no way unique to him." *United States v. Thomas*, No. 3:17-CR-00051-SLG, 2021 WL 3924724, at *2 (D. Ala. Sept. 1, 2021).

Woods also contends his health conditions constitute extraordinary and compelling circumstances warranting his release. ECF No. 44 at 8-9. Woods suffers from diabetes and high blood pressure. ECF No. 48 at 7 (citing Ex. 1. at 90). Medical conditions may amount to extraordinary and compelling reasons when they substantially diminish "the ability of the defendant to provide self-care within the environment of a correctional facility." U.S.S.G. § 1B1.13, Application Note 1(A). Here, Woods's medical conditions do not rise to the level of "extraordinary and compelling." Woods does not explain how these conditions diminish his ability to provide self-care within his correctional facility. Further, the records demonstrate he is being treated while incarcerated. In fact, his high blood pressure was resolved in July 2019. ECF No. 48 at 2 (citing Ex. 1, ECF No. 50-3 at 3). Accordingly, the Court finds Woods has not demonstrated extraordinary and compelling reasons warrant a further reduction in his sentence.

The Court notes, however, that it recently granted a stipulated request to reduce Woods's sentence to 46 months pursuant to 18 U.S.C. § 3582(c)(2). ECF Nos. 60, 61. As a result, Woods will be released shortly.

## CONCLUSION

For the foregoing reasons, the motion is denied.

**IT IS SO ORDERED.**

Dated: January 23, 2024

_____
JON S. TIGAR
United States District Judge